JAMES T. BURTON (Utah Bar No. 11875)
*jburton@kmclaw.com*
JOSHUA S. RUPP (Utah Bar No. 12647)
*jrupp@kmclaw.com*
**KIRTON MCCONKIE**
1800 Eagle Gate Tower
60 East South Temple
P.O. Box 45120
Salt Lake City, Utah 84145-0120
Telephone: (801) 328-3600
Facsimile:  (801) 321-4893

*Attorneys for Plaintiff Skywalker Holdings, LLC*

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SKYWALKER HOLDINGS, LLC, a Utah limited liability company,<br><br>　　　　Plaintiff,<br>vs.<br><br>JOHN HUFF, an individual,<br><br>　　　　Defendant. | **COMPLAINT**<br><br>Case No.: 1:16-cv-00067-RJS<br><br>Judge: Robert J. Shelby<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Skywalker Holdings, LLC ("Skywalker"), by and through its undersigned counsel of record, hereby complains against Defendant John Huff ("Defendant") as follows.

### PARTIES

1.　　Skywalker is a Utah limited liability company with its principal place of business in Brigham City, Utah.

2.　　Defendant is an individual residing in Fairfield, Iowa.

**JURISDICTION AND VENUE**

3. This is a civil action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et al.*, and the patent laws of the United States, Title 35, United States Code.

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant as he has purposefully directed threatening communications into this district which have reasonably caused Skywalker to believe that a patent infringement suit will imminently follow if Skywalker continues to sell its Skybed Suspended Luxury Lounger ("Skybed"). Indeed, Defendant has asserted that Skywalker infringes United States Patent No. 7,367,068 ("the '068 Patent").

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(2) as Defendant directed the threats of patent infringement complained of herein in this District.

**FACTUAL BACKGROUND**

7. Skywalker was formed in 2005 with the belief that trampolines should be safe and fun, keeping children actively engaged in outdoor and indoor activities.

8. Given Skywalker's long-standing presence and strong reputation, Skywalker is one of the most recognized brands in the trampoline industry.

9. Skywalker has invested substantial time and resources into the development and design of innovative trampoline products, including the acquisition of proprietary and intellectual property rights.

10. Skywalker provides top quality services to several large retailers and to thousands of end-users.

11. Skywalker sells multiple trampoline products, including its Skybed product.

12. On May 12, 2016, Skywalker received a correspondence from Defendant's counsel accusing Skywalker's Skybed product of infringing the '068 Patent. A copy of the '068 Patent is attached hereto as Exhibit 1.

13. Defendant further threatened to contact retailers that sell the Skybed product if Skywalker did not cease selling the Skybed product.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment of Non-Infringement of United States Patent No. 7,367,068

14. Skywalker reincorporates all previous paragraphs as if set forth fully herein.

15. Defendant purports to be the owner of the '068 Patent.

16. Defendant accuses Skywalker of infringing the '068 Patent.

17. Skywalker has not and does not directly, indirectly, contributorily, and/or by inducement infringe any valid and enforceable claim of the '068 Patent.

18. An actual and justiciable controversy exists between Skywalker and Defendant regarding the alleged infringement of the '068 Patent.

19. Skywalker is entitled to a declaration that it does not infringe any valid and enforceable claim of the '068 Patent.

## SECOND CLAIM FOR RELIEF
### Declaratory Judgment of Invalidity of United States Patent No. 7,367,068

20. Skywalker reincorporates all previous paragraphs as if set forth fully herein.

21. The '068 Patent is invalid and/or unenforceable for failure to comply with one or more of the provisions of Title 35 of the United States Code, including but not limited to 35

U.S.C. §§ 101, 102, 103, 112, 115, and 116.

22.     The '068 Patent is invalid as vague and/or indefinite as it, *inter alia*, fails to adequately define and/or support the limitation "in which no barrier is present at the periphery of the support surface."

23.     The '068 Patent is further invalid as, *inter alia*, United States Patent No. 5,860,175 (the "'175 Patent") is invalidating prior art in that the '175 Patent discloses a hanging cot that is rectangular and not round.

24.     An actual and justiciable controversy exists between Skywalker and Defendant regarding the validity and/or enforceability of the '068 Patent.

25.     Skywalker is entitled to a declaration that the '068 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Skywalker prays for judgment as follows:

A.  For an order holding that Skywalker does not infringe the '068 Patent;

B.  For an order holding that the '068 Patent is invalid;

C.  That the Court declare this an exceptional case and that Skywalker be granted its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

D.  That Skywalker be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Skywalker hereby demands trial by jury as to all issues in this action triable by jury.

DATED this 10th day of June, 2016.

Respectfully Submitted,

KIRTON McCONKIE

By /s/ James T. Burton
    James T. Burton
    Joshua S. Rupp
*Attorneys for Plaintiff Skywalker Holdings, LLC*

5